Mrs. Blackmon petitions this court for a writ of mandamus directing the Circuit Court of Barbour County to set aside its order of November 3, 1976, wherein the court vacated that portion of its March 9, 1976, judgment which awarded Mrs. Blackmon $9,561.75 in damages.
The sole issue presented to this court is whether the circuit court's action was permissible under Rule 60 (b)(6), ARCP. We hold that it was and, accordingly, deny the request for mandamus.
The dispute arose under the following circumstances:
On December 18, 1975, Mrs. Blackmon purchased a color television set from the "Badcock Home Furnishing Center" in Eufaula, Alabama. The W.S. Badcock Corporation has its principal office in Mulberry, Florida. The Eufaula store is a Badcock "dealership," which on December 18, 1975, was operated by Donald L. Lewis. Mrs. Blackmon negotiated the purchase of the television set with Lewis.
She had paid $80 as a down payment on the $561.75 television set, when three weeks after delivery, it seriously malfunctioned. Mrs. Blackmon called Mr. Lewis. He had the television set picked up by a television repair shop. The set was later returned to the store. Though Mrs. Blackmon requested that the set be returned to her, Mr. Lewis refused to do so. Mrs. Blackmon was not in default on the payments. Mrs. Blackmon procured counsel. After his efforts to obtain the television set proved unfruitful, suit was filed in the Circuit Court of Barbour County against the W.S. Badcock Corporation seeking punitive damages for the unlawful conversion of the color television set. A copy of the complaint was served on Lewis as agent for the corporation on either January 6 or January 7, 1976. Lewis failed to notify the home office of the impending litigation.
On February 19, 1976, Badcock having failed to answer or appear, a default judgment was entered against the corporation "with leave granted to plaintiff [Mrs. Blackmon] to try the issue of damages before a jury." On March 9, 1976, a jury trial on damages was had. Badcock failed to appear and a verdict for Mrs. Blackmon was returned in the amount of $9,561.75.
On April 6, 1976, an amended return of service was served on a Badcock employee, Mr. Kenneth Jones, who was temporarily in the Eufaula store. He immediately sent the documents to the home office.
Thereafter, on April 18, 1976, Badcock filed a "Motion For Relief Under Rule Sixty" seeking to have the judgment set aside. Although the motion stated numerous grounds for relief, the gist of Badcock's motion was:
 "9. Defendant has a defense to said action in that it did not operate a business in Eufaula and Donnie Lewis was not its agent, and defendant was prevented from making its defense by surprise, accident, mistake, or fraud, without fault on the part of the defendant, in that the said Donnie Lewis is sole proprietor, did not advise defendant that he had been served with a suit against defendant.
 "10. Defendant was prevented from making its defense by the mistake of the Sheriff of Barbour County by serving Donnie Lewis instead of defendant.
 "11. Defendant was prevented from making its defense to this cause by surprise, accident, mistake, or fraud, without fault on the part of defendant, in that service was not made upon the registered agent of defendant, but was made upon some other person, namely Donnie Lewis, who was neither an employee nor an agent of defendant and who had no duty to notify defendant of said suit, and who did not in fact notify defendant of said suit."
Subsequent to the hearing on Badcock's motion, the Circuit Court of Barbour County, on November 3, 1976, issued an order, the pertinent parts of which are set forth below: *Page 369 
"Upon the hearing of defendant's motion for relief, evidence was offered by defendant outlining its business relationship with Lewis and numerous exhibits were offered to show that there was an independent dealer status held by Lewis. The Court feels, however, from a consideration of all of the evidence that there was apparent authority on the part of Lewis to act for W.S. Badcock Corporation, Inc., at the time of the acts complained of in this cause and that said Corporation is accountable for such actions on his part. The Court in determining whether to set aside the judgment in this case has considered whether the defendant had a meritorious defense as far as the conversion is concerned and has concluded that there was a conversion of the television set involved by Donald Larry Lewis at the time he had the repair service deliver this set back to his store in Eufaula, therefore, the main consideration is whether W.S. Badcock Corporation, Inc., is liable though its relationship with Lewis, and the Court feels that it is so liable. It would then seem that the Court's function would be fulfilled by simply overruling defendant's motion for relief but the Court does not feel justice would be done by such action. The Court feels that the injustice involved in this case comes about by the manner in which the writ of inquiry [hearing on the damages] was executed. A default was entered upon the failure of the defendant to make any appearance or to offer any defense. . . . There was, therefore, the lack of an adversary nature to the whole proceedings which allowed the introduction of illegal and prejudicial evidence before the jury. . . . Upon being asked by the plaintiff's [Mrs. Blackmon] husband to explain the reason for this development, Donald Larry Lewis simply told him [plaintiff's husband] that he had possession of the television set and was going to keep it and refused to deliver it to the plaintiff or her husband. Clearly this was a conversion and one which was committed willfully, in known violation of the legal rights of the plaintiff, and, as such, would support not only a judgment for compensatory damages but also, at the discretion of the jury, punitive damages as well.
"If the evidence had stopped at this point the Court would have no hesitancy in affirming the action of the jury and denying the defendant's motion for relief, but, the evidence did not stop here but went forward and outlined, in minute detail, by the testimony of several witnesses, reprehensible conduct on the part of Donald Larry Lewis toward Hon. Jimmy Calton, attorney for the plaintiff. The evidence presented to the jury related how Mr. Lewis, upon being served with the Summons and Complaint in this case, called Mr. Calton by telephone and told him that he would be at Mr. Calton's office `about dark' and would `take care' of Mr. Calton, `permanently'. Mr. Calton was somewhat concerned and apprehensive because of this message from Mr. Lewis, who was shown by the testimony to be 6'2" in height and weighed `about 240 pounds' and was `a big muscular fellow', and after thinking over the matter and worrying about it for the balance of the afternoon, told his secretary of the substance of the call, or threat, made against him by Mr. Lewis and was told by her that Mr. Lewis was at that moment, and had been for some thirty minutes or more, in front of Mr. Calton's office leaning against his vehicle in, what appeared to be, a position to wait for Mr. Calton's emergence from his office at closing time. Mr. Calton's father, who is a district court judge in Eufaula, came to the office and was told of this development and Judge Calton went to the Sheriff's office to ask for his protection. The Sheriff came and engaged Mr. Lewis in conversation about another matter to allow Mr. Calton and his father an opportunity to emerge from his office in safety. All of this was related to the jury in minute detail and this phase of the testimony probably took as much time in its presentation as did the evidence concerning the conversion. Of course, this testimony and this incident of threatened violence against the attorney for the plaintiff was subsequent to the conversion and was not material to the issue of damages in the conversion case. The Court feels that the details of this incident could *Page 370 
not have done other than inflame the jury against the defendant. The defendant's conduct in obtaining possession of the television set in violation of the known rights of the plaintiff was sufficient for the imposition of punitive damages but this Court does not feel that it can make any fair assessment of the damages which a jury would have returned, if any, in the absence of the inflammatory testimony concerning subsequent events as related above and, therefore, does not feel that it can call for a remittitur by the plaintiff as a condition for affirming the verdict of the jury and denying defendant's motion for relief. The Court feels that a more just disposition of this matter would be to allow the default to stand but to set aside the judgment based upon the jury's verdict rendered upon execution of the writ of inquiry and submitting the matter of damages to another jury at which time both sides will be represented and rules of evidence will be more closely followed. It is, therefore,
"ORDERED by the Court that the defendant's Motion for Relief is denied as to the default entered in this case but that it is granted as the same is directed to the judgment subsequently entered thereon and such judgment assessing damages is hereby set aside to allow the cause to be submitted at the next term of Court to a jury for the execution of a writ of inquiry as to the amount of damages to be awarded plaintiff for the act of conversion committed in this cause by the defendant. The Court wishes to be understood that only the amount of damages will be left for the jury's determination and that the jury will be instructed, along with its general instruction concerning punitive damages, that a conversion has been committed and that punitive as well as compensatory damages may be awarded at the discretion of the jury and the foreclosing of the issues of agency, notice, conversion and punitive damages vel non is a condition for the granting of the relief herein provided."
Mrs. Blackmon filed an application for rehearing seeking to have the Circuit Court of Barbour County reinstate the jury verdict, and from a denial of that application, Mrs. Blackmon filed the petition for writ of mandamus.
The order of the Circuit Court of Barbour County did not have as its basis Rule 60 (b)(1), ARCP. If the validity of the order is to be affirmed, the basis therefor must be found in Rule 60 (b)(6), ARCP. The dispositive issue before this court is whether the introduction of prejudicial and inflammatory evidence in a writ of inquiry proceeding may serve as the basis for relief under Rule 60 (b)(6), ARCP.
The pertinent provision of that rule provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment. . . ."
The Committee Comments, Rule 1, ARCP, state that:
 "It has long been settled in this state that when the legislature adopts a federal statute or the statute of another state, it adopts also the construction which the courts of such jurisdiction have placed on the statute. . . ."
Federal decisions construing Rule 60 (b)(6), FRCP, are therefore relevant to the applicability of Rule 60 (b)(6), ARCP.
 "In simple English, the language of the `other reason' clause, for all reasons except the five particularly specified [60 (b)(1-5)], vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." (Klapprott v. United States, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266, motion for clarification denied, 336 U.S. 949, 69 S.Ct. 877, 93 L.Ed. 1105 (1949).
The action of the trial court in considering a 60 (b)(6) motion, particularly after default, is largely discretionary,Baez v. S.S. Kresge Co., 518 F.2d 349 (5th Cir. 1975), and is an exercise of its equity powers. Smith v. Jackson Tool andDie, Inc., *Page 371 426 F.2d 5 (5th Cir. 1970); Bros. Incorporated v. W.E. GraceManufacturing Company, 320 F.2d 594 (5th Cir. 1963). Though the motion as filed did not specifically invoke the principles of 60 (b)(6), the filing of the motion was the vehicle which reopened the door for the further consideration by the court of its judgment. The matters stated by the court to have occurred during the presentation of inquiry of damages to the jury likely resulted in increasing the award of damages. This determination by the court was sufficient equitable grounds, when added to the disfavor of default judgments, to support the discretionary setting aside of the verdict of the jury, permitting another jury to consider the award of damages.
Under the circumstances of this case, we do not consider the "meritorious defense" principle related to the setting aside of default judgments applies. The default against W.S. Badcock Corporation has not been vacated. There remains a judgment by default with no opportunity presented by the ruling on the motion for the presentation of any defense. The only right given defendant by the judgment is to have the issue of the amount of damages reheard by another jury under specified conditions, a right recognized by the Alabama Supreme Court prior to the adoption of the Rules of Civil Procedure. HartfordFire Ins. Co. v. Bannister, 201 Ala. 681, 79 So. 253; K.B.Koosa Co. v. Warten, 158 Ala. 496, 48 So. 544.
Mrs. Blackmon states other grounds in support of her petition for writ of mandamus. She contends that the facts herein do not constitute the compelling circumstances warranting application of 60 (b)(6); that sustaining the trial court's ruling converts a 60 (b)(6) motion into a substitute for appeal, thereby emasculating Rule 4 (a), ARAP, which prescribes time limitations for appeal; that an evidentiary issue may be raised only upon appeal and not through a Rule 60 (b)(6) motion. We are not unmindful of cases supportive of Mrs. Blackmon's contentions. See 15 A.L.R.Fed. 193.
However, we have heretofore said that the trial court is vested with a substantial amount of discretion in ruling on a 60 (b)(6) motion which seeks relief from a default judgment.Baez v. S.S. Kresge Co., supra, and absent an abuse of discretion, its ruling thereon will not be reversed. Bank ofAmerica Nat. Trust Sav. Ass'n v. Manakos, 509 F.2d 1217 (9th Cir. 1975); Erick Rios Bridoux v. Eastern Air Lines, 93 U.S. App.D.C. 369, 214 F.2d 207 (1954), cert. denied 348 U.S. 821,75 S.Ct. 33, 99 L.Ed. 647 (1954).
Mrs. Blackmon does not address the fairness of the trial court's ruling. In other words, she does not question the trial court's finding that the jury was prejudiced against Badcock by the introduction of prejudicial evidence, admitted only because of Badcock's absence. Rather, her arguments are addressed to legal principles espousing the finality of judgments doctrine. She correctly states that application of Rule 60 (b)(6) mandates a balancing between the policy which establishes the sanctity of final judgments and that which demands freedom from the effects thereof in compelling circumstances. 7 J. Moore,Federal Practice, § 60.27 (1), at 340. We perceive no irreparable injury to the former doctrine in sustaining the action of the trial court in this instance. Mandamus is an extraordinary remedy employed to prevent failure of justice or irreparable injury and is to be withheld if there is any doubt as to its propriety. Ex parte Garrison, 260 Ala. 379,71 So.2d 33. The facts of this case do not constitute the clear, distinct circumstances warranting its issuance.
We limit our holding to the specific facts herein. Where the trial court has vacated that portion of the default judgment awarding damages; where the damages awarded are approximately 120 times the compensatory damages shown by the evidence; where there is a substantial likelihood that the damages so awarded were predicated on prejudicial evidence admitted without objection of the opposing party where that party had no actual knowledge of the default judgment or writ of inquiry *Page 372 
proceeding; where the latter party sought relief under Rule 60 (b), ARCP, within 12 days after receiving actual knowledge of the judgment; and where no prejudice to either party will result in enforcing the trial court's order, this court will not reverse an order setting aside that portion of the default judgment awarding damages.
PETITION DISMISSED.
All Judges concur.