Plaintiff appeals from the granting of a 60 (b) motion to set aside a judgment after default. We affirm.
Plaintiff and defendant were divorced in 1974. In 1976 plaintiff filed a petition alleging failure of defendant to comply with certain provisions of the judgment of *Page 1214 
divorce. She sought an accounting, determination of sums due her and punishment of defendant for contempt. Defendant answered plaintiff's petition by counsel. Plaintiff moved for the fixing of a time and place to take the deposition of defendant. The court ordered the deposition and production of documents, and a time and place was set. Defendant was served with subpoena. Defendant failed to appear after securing a continuance by agreement of counsel. Plaintiff moved for sanctions for failure to appear for the deposition. The motion was served upon counsel for defendant. We find no setting for hearing of the motion in the record.
Stating that it was in response to the motion for sanctions, judgment by default was entered on February 23, 1977 for the relief requested by plaintiff in the original petition filed several months earlier. Neither defendant nor his counsel was present. March 8 was set for hearing to determine the amounts due plaintiff and a reasonable attorney fee. A copy was directed served upon counsel for defendant.
At the hearing on March 8, counsel for defendant appeared, notified the court that he had been unable to inform defendant of the default and hearing and with permission of the court withdrew as counsel for defendant.[1] The court heard evidence on behalf of plaintiff and entered judgment finding an arrears of child support in the amount of $7,519.50 and a failure to pay plaintiff an amount of $1,676.00 due her under the divorce judgment. A further amount of $900 was awarded plaintiff as an attorney fee.
Defendant learned of the judgment of March 8 when execution and garnishment were levied against his property in June of 1977. On June 7, 1977, defendant moved for relief from the March 8 judgment under Rule 60 (b) of the Alabama Rules of Civil Procedure.
After extensive hearing the court entered a lengthy judgment conditionally granting the 60 (b) motion. The court found that the defendant had willfully failed to attend the deposition; that the default was properly entered against him, but the amount of arrears in support found to be due was greatly excessive because of misconstruction of the terms of the judgment for divorce. Therefore, the court found that the judgment entered after default was excessive and would be set aside upon the condition that defendant pay into court the amount found by the court to be properly due. If the condition were met, the judgment would be set aside and the correct judgment entered. Defendant met the conditions required.
Plaintiff's motion for new trial was denied.
The initial issue presented is whether the granting of the 60 (b) motion was erroneous.[2]
We stated rather distinctly in Blackmon v. W.S. BadcockCorp., 342 So.2d 367 (Ala.Civ.App. 1977) the view to be taken when we consider the ruling of a trial on a Rule 60 (b)(6) motion, particularly when it is directed toward a judgment after default. We repeat that such decision is an exercise *Page 1215 
of the equity powers of the trial court and therefore largely discretionary. Though factual conditions may vary, in our review of a case, we will not disturb the decision of the trial court except where we determine that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust. This rule is to be more liberally applied when the decision is to grant the motion to set aside a default judgment and permit a trial upon the merits.
We have applied the principles of law applicable to a 60 (b)(6) motion, for that is the ground that we believe was presented and considered by the court. Though the ruling does not specifically state that ground, it does say that it finds that the original judgment, entered only upon the evidence of the wife, was substantially excessive and that it exercises its discretionary power in ordering more than a 50% reduction. Though there may arguably be support for other grounds under Rule 60 (b), we consider that the court acted on the ground of 60 (b)(6) and we find no abuse of its discretion. Blackmon v.W.A. Badcock Corp., supra.
The second issue is whether the construction of the agreement of the parties incorporated in the divorce decree was erroneous. The pertinent portions of the agreement are as follows:
 "4. The parties agree that David Stone shall pay to Martha Jane Stone in advance the sum of $400.00 per month for the support, maintenance and education of the minor children. . . . Provided, however, that upon the discharge of David Stone from the U.S. Army the total amount of child support to be paid by David Stone to Martha Jane Stone shall be reduced to $200.00 per month, and such support shall continue as hereinabove provided.
 "5. It is hereby agreed between the parties hereto that upon the discharge of David Stone from the U.S. Army and upon his receipt of his separation pay and disability pay from the U.S. Army (by whatever name or term it is called) he shall pay to Martha Jane Stone an amount equal to 50% of such separation and disability money within thirty (30) days after such receipt by him. Suitable evidence will be provided to Martha Jane Stone by David Stone to enable her to ascertain the amounts of money so received by David Stone."
Subsequent to the divorce, the husband was removed from active duty by the army and placed on temporary disability retirement on November 15, 1974. He received no lump sum separation or disability pay, but was paid $750 per month. After being placed on permanent retirement in March 1977, he was paid $667 per month. This amount was in contrast to the some $1,500 per month he received while on active duty. Upon retirement, he reduced his support payments from $400 to $200 per month. The petition for determination of amount due and unpaid and for citation for contempt was filed by the wife in January 1977.
The wife contends that as the husband was never "discharged" from the army, but was "retired from active duty," the condition provided in the agreement for the reduction of support from $400 per month to $200 per month has not occurred. She further contends that if it is considered that defendant was "discharged" and child support was reduced to $200 per month, defendant is due to pay to her the additional sum of 50% of his disability retirement pay. The wife's contentions arise from her interpretation of the agreement.
The trial court heard the testimony as to the circumstances surrounding the agreement and its subsequent inclusion in the judgment of divorce. It construed the agreement to intend that the $400 per month run until the husband was released from active military service by whatever type of release was deemed appropriate by the army. This was the event which would cause a substantial reduction in the income of the husband. Therefore, the obligation of the husband to pay child support was reduced from $400 to $200 per month upon his retirement on November 15, 1974. *Page 1216 
The court further construed paragraph 5 of the agreement which referred to the receipt of separation pay and disability pay upon discharge to mean lump sum payments anticipated to be received upon or shortly after his discharge. The testimony disclosed that such anticipated lump sums were not forthcoming due to his retirement on disability rather than being severed by a full discharge. To have construed the agreement otherwise would have required the husband to pay the wife from his retirement compensation the sum of $200 per month as child support and the further sum of 50% of such retirement or $333.50 per month. Thus the husband would retain $133.50 per month from his compensation payment. If the contention of the wife that the child support payments of $400 per month were not reduced by retirement were sustained, the husband would have to pay her all of his disability compensation with a deficit of $66.50 per month.
We consider that the construction of the agreement by the trial court is reasonable and is sufficiently supported by the evidence.
Plaintiff next presented as an issue the ruling of the trial court in sustaining objection to a question by her counsel asking her what she understood paragraph 4 of the agreement to mean at the time she signed it. We do not consider the ruling of the court to be error for two reasons. First, though parol evidence as to the surrounding circumstances and positions of the parties may be presented to assist the court in construing an agreement whose terms are unclear and ambiguous,[3] a party's own subjective understanding of the agreement is not an evidentiary matter.[4] Second, our examination of the record indicates previous testimony of the witness to be the same as that sought to be elicited by the question. Rule 61, ARCP applies.
Plaintiff contends her motion for new trial was due to be granted on the ground of newly discovered evidence. The evidence referred to as newly discovered was testimony of the attorney who prepared the separation agreement.
We do not consider that such testimony qualifies as "newly discovered." The witness was available for consultation prior to trial and as a witness during trial. The trial judge did not err in denying a new trial on that ground. Walker v. Traughber,351 So.2d 917 (Ala.Civ.App. 1977).
The last issue presented is that the court erred in failing to award arrearages due as child support during the period of February 7, 1974 through December 31, 1974.
There was a plethora of conflicting evidence concerning the amount of money paid or not paid by defendant in 1974. It related to child support, sale of horses, income tax refunds, medical bills, etc. The court heard that evidence and rendered a decision. That decision has the standing of a jury verdict.Hardwick v. Hardwick, 55 Ala. App. 156, 314 So.2d 76 (1975). We will not reverse on appeal as we consider there is legal evidence to support the finding of the court. Finding no reversible error, the judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Due to inability of counsel to locate him, defendant had not been notified of the granting of a default as a sanction for failing to appear for the deposition. Neither had he received notice of the hearing on March 8.
[2] We point out here that we are treating this case as an appeal from a final judgment on the merits after the setting aside of the judgment entered after default. Such treatment is necessary in order that we may consider the granting of the 60 (b) motion as an issue on appeal. The granting of a 60 (b) motion is an interlocutory order and standing alone will not support an appeal. Sullivan v. Speedway Oil Co., 352 So.2d 1383
(Ala.Civ.App. 1977). In this case, the motion was, by agreement, presented to the court along with testimony as to the merits of the original petition. The result was in fact not a setting aside, but merely entry of an order giving partial relief from the judgment through a reduction in the amount. This is very similar to what occurred in the case of Blackmonv. W.S. Badcock Corp., 342 So.2d 367 (Ala.Civ.App. 1977); however, in that case the court set aside the damages and ordered a new trial merely as to the damages. That case was presented to this court by petition for mandamus. There can be no reasonable basis for requiring technical designation of presentation in this case.
[3] Johnson-Rast Hays, Inc. v. Cole, 294 Ala. 32, 310 So.2d 885
(1975).
[4] Chastain Blass Real Estate Ins., Inc. v. Davis, 280 Ala. 489, 195 So.2d 782 (1967); 32A C.J.S. Evidence § 960g.