This is an appeal from an order of the Circuit Court of Mobile County setting aside the default judgment granted John H. Wilkerson, Sr., in a libel and slander action. We affirm.
Wilkerson filed a libel and slander suit against City Sales Company of Mobile, Inc. and Gene DeVan on October 27, 1978. Process was served on the defendants on November 3. They notified their insurer, Royal Globe Insurance Company, of the suit by telephone on November 27. Royal Globe's claims manager received the summons and complaint on November 29. The Wilkerson suit was then given to an independent investigator because of possible problems with coverage, and in order to obtain a non-waiver agreement from City Sales.
On December 8, the insurance company received a follow-up inquiry from the attorney assigned to the case. The investigator's report was received on December 11. The suit was subsequently delivered by the insurer to the defense attorney on December 14. A default was entered on December 12 against both defendants for failure to appear. Thereafter, a judgment for Wilkerson was entered by the court in the amount of $40,000.
On January 3, 1979, the defendants' attorney filed a motion pursuant to Alabama Rules of Civil Procedure 55 (c) or 60 (b) to set aside the default judgment based on the insurer's inadvertence in failing to deliver the suit papers to its attorneys until two days after the default judgment was taken. After an evidentiary hearing the trial court granted defendants' motion to set aside.
Wilkerson asserts that the motion setting aside the default judgment was improperly granted under either ARCP 60 (b) or 55 (c). He contends that excusable neglect as required by Rule 60 (b) was not shown and that Rule 55 (c) allows a default judgment to be set aside in the trial court's discretion only if that court acts to grant the motion within thirty days of the entry of judgment.
ARCP 60 (b)(1) provides that the court may on motion and such terms as are just, relieve a party from a final judgment taken against him for "mistake, inadvertence, surprise, or excusable neglect [emphasis added]." The motion, however, must be made no later than four months after the judgment was taken. The grounds for relief stated in ARCP 60 (b)(1) are expressed in the disjunctive. Any one of the four alternatives is a sufficient basis for granting a motion to set aside a judgment.
Mistake or inadvertence, as those terms are contemplated by a rule authorizing relief from a judgment for mistake, inadvertence, surprise or excusable neglect, rarely will be completely explainable. Cf. Martin v. Rossi, 18 Ariz. App. 212,501 P.2d 53 (1972).
Royal Globe's claims manager could not completely explain his "serious oversight" in failing to deliver the suit papers to an attorney within the designated time. He could say only that the suit papers might have gotten shuffled into other paper work on his desk due to his heavy workload and that mistakenly he assumed that the period for filing an answer to the complaint ran from the time the suit was received by the insurer.
We, however, must consider the total factual picture presented to the trial court. Defendants promptly sent notice to their insurance agent who notified Royal Globe by telephone. Two days later Royal Globe received copies of the summons and complaint. At the time this lawsuit was received, Royal Globe's claims office had only a claims manager and three employees to handle an average 297 claims per month. Shortly after receipt of the Wilkerson suit, Royal Globe received three other suits, two of which involved claims of one million dollars each. The claims manager was also investigating a four-fatality accident at the *Page 1335 
time. Potential coverage problems and the need for a non-waiver agreement led the manager to turn the suit over to an outside investigator. Within three days of the receipt of the investigator's report, the suit was turned over to the defense attorney. This delivery of the suit to the attorney occurred only nine days after the time for filing an answer to the complaint had run, and only two days after the default judgment had been taken.
ARCP 60 (b) allows the court in the exercise of its equity powers discretion to grant or refuse a motion to set aside a judgment. Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App. 1978);Wilger v. Department of Pensions and Security, 343 So.2d 529
(Ala.Civ.App. 1977). The trial court's action under ARCP 60 (b)(1) in a default judgment case is subject to review only for abuse of discretion. Modernage Homes v. Wooldridge, 55 Ala. App. 68, 313 So.2d 190 (1975). In view of the total factual picture presented the trial court, we cannot say that it abused its discretion in granting the motion to set aside the default judgment under ARCP 60 (b)(1) grounds of inadvertence, mistake or excusable neglect. Thus, we need not reach Wilkerson's assertions of error regarding ARCP 55 (c).
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.