This is an appeal from a denial of a Rule 60 (b)(6) ARCP motion for relief from a default judgment.
The dispositive issue is whether the trial court abused its discretion in denying the defendant-appellant's motion. We find no such abuse as to require reversal and affirm.
A review of the record reveals the following:
On March 6, 1978, the plaintiff filed an action against the defendant for fraud and breach of contract. The defendant was personally served as provided by law. Upon receipt of the summons and complaint defendant contacted its insurance carrier regarding the litigation. Defendant thereafter received correspondence from its carrier notifying defendant that the carrier would not defend the suit and that defendant should retain counsel within the time limit for answering the complaint. Defendant maintained a separate file regarding the action but took no steps to defend the suit.
On April 14, 1978, more than thirty days after service of process, judgment by default was entered by the trial court for the plaintiff. The trial court then executed a writ of inquiry, found that plaintiff was damaged in the amount of $5,000 and, on May 3, 1978, entered judgment by default in said amount plus costs. *Page 902 
On September 12, 1978, the clerk of the court issued execution for $5,155. On September 15, 1978, defendant filed a motion for relief from judgment. After an ore tenus hearing the trial court denied defendant's Rule 60 motion and defendant appeals.
At the outset, we note that Rule 60 (b)(6) is mutually exclusive from other Rule 60 motions and, further, that 60 (b)(6) is the only avenue available to this defendant. See,Gulf Coast Bldg. Supply Co. v. International Bro. of Elec.Workers, Local No. 480, AFL-CIO, 460 F.2d 105 (5th Cir. 1972);Transit Casualty Co. v. Security Trust Co., 441 F.2d 788 (5th Civ. 1971). It would appear that the defendant's failure to defend the suit was occasioned by mistake and/or neglect. Relief based on these particular reasons is generally unavailable under a Rule 60 (b)(6) motion and should be maintained by a Rule 60 (b)(1) motion. A Rule 60 (b)(1) motion must be brought within four months from the date of the original judgment. The motion in this instance was not brought within four months.
In any event, the trial court has wide discretion in its determination of whether to grant relief pursuant to 60 (b)(6) and it will not be reversed on appeal absent abuse of this discretion. See, Pierson v. Pierson, Ala., 347 So.2d 985
(1977); Blackmon v. W.S. Badcock Corp., Inc., Ala.Civ.App.,342 So.2d 367 (1977).
Relief is available under 60 (b)(6) only under the most extraordinary and compelling circumstances. Pace v. Jordan, Ala.Civ.App., 348 So.2d 1061, cert. denied, Ala.,348 So.2d 1065 (1977). The facts in this instance do not indicate such extraordinary and compelling circumstances and, therefore, we cannot say that the trial court abused its discretion in refusing to set aside the judgment. Put another way, in the instant appeal the defendant was properly served, had ample opportunity to defend the lawsuit but simply did not do so. Under these facts, for this court to find that as a matter of law the trial court was required to set aside the judgment would be tantamount to holding that all judgments by default must be set aside when the defendant simply does not defend within the time prescribed by law. This we are not prepared to do.
Defendant further argues that because the circuit clerk did not comply with the provisions of § 6-9-21, Code of Ala. 1975, the trial court erred in refusing to set aside the default judgment. We find no merit in this contention.
Section 6-9-21 provides in pertinent part:
 Within 90 days from the entry of a judgment, the clerk or register must issue execution thereon in favor of the successful party unless otherwise directed by the court or the judge presiding at the trial of the case or by the written direction of owner of the judgment or his attorney of record. . . .
Section 6-9-21 is concerned with the issuance of executions and does not in this instance have any relation to proceedings for relief from default judgments. The code section is designed to protect the interests of the plaintiff and a failure to comply therewith cannot be invoked by this defendant to establish abuse of discretion in refusing to set aside the default judgment.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J. concur.