WRIGHT, Presiding Judge.
This is an appeal of the denial of a motion to set aside a judgment of divorce entered after default. The motion to set aside was filed within thirty days of judgment under Rule 55(c), ARCP. We affirm.
Judgment of divorce, upon suit of the wife, including division of real and personal property and granting of an attorney fee, was granted on October 27, 1980, after default of the husband. On November 7, 1980, the husband by counsel filed a motion to set aside. As grounds for the motion the husband averred that prior to judgment, he had discussed terms of a possible settlement with counsel for the wife; that an unsigned agreement had been reached; that the husband was under mental stress because of the death of his father; that the terms of the judgment do not reflect the terms of the agreement with counsel.
The trial court duly set down the motion and heard testimony orally thereon. The motion was denied.
This court has stated in other cases and Rule 55(c), ARCP expressly provides that the ruling on a motion to set aside a judgment after default is discretionary within the equity powers of the trial court. Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App.1978); Blackmon v. W. S. Babcock Corp., 342 So.2d 367 (Ala.Civ.App.1977).
Our review of the record discloses no abuse of discretion in the denial of the motion in this case. The grounds which we have previously set out herein and the evidence presented in support thereof provide no basis for claim of error.
The second issue presented for our review — that the court erred in granting an attorney fee in the judgment of divorce when none was requested in the complaint — was not presented in the motion to set aside nor does it appear in the transcript of the testimony. It therefore is not for our consideration on appeal. Brown v. Brown, 374 So.2d 332 (Ala.Civ.App.), cert. denied, 374 So.2d 334 (Ala.1979).
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.