Susan C. Howell and William L. Howell appeal from a summary judgment rendered against them. The Howells did not oppose the motion for summary judgment, because they wished to challenge an earlier order of the trial court. This earlier order set aside a default judgment which had been entered in the Howells' favor. Because we find that the trial court improperly granted relief from the default judgment, it follows that the case should not have proceeded to summary judgment; therefore, we reverse and remand.
On October 2, 1978, Susan Howell was shopping in the department store in Mobile operated by the D.H. Holmes Company, Ltd. (Holmes). Another customer informed Carla Ward, a security employee of Holmes, that Mrs. Howell had dropped a pair of slacks into her shopping bag. Mrs. Ward called another security employee, Lisa Willis, and the two watched Mrs. Howell until she left the store. They followed close behind her and, once outside, identified themselves and asked Mrs. Howell to come back inside. Mrs. Howell asked them for an explanation, but they insisted on going to the security office first. In the security office Mrs. Ward discovered that the slacks in Mrs. Howell's shopping bag did not come from the Holmes store.
Mrs. Howell became very upset almost immediately upon her apprehension by the security employees. She called her husband from the security office and he came to get her. The record indicates that after this incident Mrs. Howell suffered from fears and anxieties requiring psychiatric treatment. She and her husband filed this suit against Holmes and its security employees Carla Ward and Ted Arnette on November 27, 1978.
Each of the defendants received service on November 30, 1978. Holmes forwarded the complaint to its insurer, Aetna Life and Casualty Company (Aetna), on December 4. Aetna sent the complaint to its Mobile office, where its claims agent, Barry Bufkin, received it on December 8.
Bufkin was already aware of Mrs. Howell's claim by virtue of informal contacts with Holmes and Mrs. Howell's attorney (Mr. Bounds) which had begun in October. When Bufkin received the complaint and summons, he did not give it to Aetna's attorney in Mobile for preparation of responsive pleadings. Instead, he dictated a letter to Mr. Bounds and tried to call him. He continued his efforts to negotiate directly *Page 28 
with Mr. Bounds, blithely ignoring the thirty-day time limit for responding to a complaint, until Ted Arnette informed him on February 2, 1979, that a default judgment had been entered on January 4, 1979. At that time Bufkin took the suit papers to Aetna's attorney.
Defendants filed a motion to set aside the default judgment on February 2, 1979. The motion recited that it was filed pursuant to Rule 55 (c) or Rule 60 (b), Alabama Rules of Civil Procedure (A.R.C.P.). Because defendants secured no action on the motion within 30 days of default judgment, the Rule 55 (c) argument dropped out. Wiggins v. Tuscaloosa WarehouseGroceries, Inc., 396 So.2d 91 (Ala. 1981).
During the following months the parties conducted discovery, after which the trial court ruled on the motion on December 11, 1979. The court specifically negated the grounds set out in Rule 60 (b)(1)-(5). For example, the court found no evidence of mistake or surprise, nor was it "reasonably satisfied from the evidence that the default was the result of excusable neglect [or] `inadvertence' within the meaning of such term in Rule 60 (b)(1)." Furthermore, the court was "not satisfied that the defendants properly pleaded or proved a meritorious defense, although the evidence presented by the Defendants might well operate to mitigate damages." Nevertheless, the court set aside the default judgment based on its consideration of Rule 60 (b)(6), "any other reason justifying relief from the operation of the judgment." The grounds recited were the size of the judgment — $300,000 — and an absence of prejudice to the plaintiff.
The Howells filed a motion for the court to reconsider the order, but the court denied the motion. The trial court granted the Howells a certificate of appealability of an order not otherwise appealable, but this court, in an unpublished order, denied permission to appeal on February 20, 1980. After the trial court denied two motions by the Howells to have the default judgment reinstated, the case was set for trial on June 8, 1981. On that date defendants orally moved for summary judgment. The Howells did not object to the granting of this motion because they wanted a final judgment from which to appeal and raise the asserted error on the granting of the 60 (b) motion.
Ordinarily, broad discretion is accorded trial courts on 60 (b) motions, Haskew v. Bradford, 370 So.2d 259 (Ala. 1979), and the policy which favors determination of cases on the merits and disfavors default judgments. Cockrell v. World's FinestChocolate Co., Inc., 349 So.2d 1117 (Ala. 1977). Another aspect of court treatment of 60 (b) motions which could tip the scales against the Howells is the "attempt to balance the desire to remedy injustice against the need for finality of judgments."Raine v. First Western Bank, 362 So.2d 846 (Ala. 1978).
The Howells' reliance on their assertions of error in the 60 (b) order is justified, however, both by countervailing general principles and by the circumstances of this case. Although trial courts' discretion in ruling on 60 (b) motions is broad, that discretion is not unbridled. Giles v. Giles, 404 So.2d 649
(Ala. 1981).
Relief under 60 (b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice. City of Birmingham v. City of Fairfield,396 So.2d 692 (Ala. 1981); Charles Townsend Ford, Inc. v.Edwards, 374 So.2d 900 (Ala.Civ.App. 1979); Ackermann v. UnitedStates, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).
With these general considerations in mind, we turn to matters more specific in this case. "In order for one to obtain 60 (b) relief, he must allege and prove one of the grounds set out under the rules, together with a meritorious defense to the action." Raine v. First Western Bank, supra, 362 So.2d at 848.See also, Whitehead v. Georgia Pacific Corporation,352 So.2d 1342 (Ala. 1977). The court below specifically found that the defendants had not satisfactorily pleaded or proved a meritorious defense; in light of this finding it was an abuse of discretion to grant the 60 (b) motion. *Page 29 
Lest this decision seem inconsistent with the holdings of this Court in Wiggins v. Tuscaloosa Warehouse Groceries, Inc.,396 So.2d 91 (Ala. 1981), and Wilkerson v. City Sales Companyof Mobile, Inc., 374 So.2d 1333 (Ala. 1979), we point out that proof of a meritorious defense was not at issue in those appeals. Even without this distinction going to the merits of the underlying claim, those cases are distinguishable on the facts leading to the default judgment. In both cases an insurance carrier failed to forward a complaint to an attorney within the thirty-day time limit, but this court affirmed 60 (b) orders setting aside default judgments. In Wiggins, the insurance adjuster who received the complaint was new on the job and did not recognize the significance of a summons and complaint. In Wilkerson, this court indicated that the workload and other circumstances of the insurance claims office presented sufficient basis for a 60 (b)(1) motion so that the trial court had not abused its discretion in granting the order.
Bufkin specifically stated in his deposition that he was aware of the thirty-day time limit for responding to a complaint. Negotiating with plaintiffs' lawyers was his policy, apparently with approval of his supervisor. Indeed, the record shows another case against Holmes in which Bufkin held the complaint and summons until well after the time limit had run. Bufkin did testify that he had a heavy workload, and that absence of a secretary from Aetna's Mobile office prevented one of Bufkin's letters to Bounds from being typed promptly. These circumstances are distinguishable from those in Wilkerson; in that case the insurance adjusters had a rash of large claims all at once, a situation not indicated here. Moreover, they were working diligently on the claim and were delayed because they sent it to an independent investigator. Bufkin's in-house difficulties only indicate to us that he should have sent the complaint promptly to an attorney who was capable of handling the matter.
Because the trial court's order relies solely on the size of the judgment as grounds for setting aside the default, the possibility exists of finding error only in the setting aside of the judgment of liability and remanding for the court to enter an order setting aside the judgment only as to damages. The Court of Civil Appeals has twice affirmed orders granting 60 (b)(6) motions only as to the damages in the original default judgment. Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App. 1978); Blackmon v. W.S. Badcock Corp., Inc., 342 So.2d 367
(Ala.Civ.App. 1977). An inspection of those cases, however, reveals that specific errors were committed which resulted in awards disproportionate to specific, liquidated sums sought in the complaints. In Nunn, the trial court found that the judgment entered after default was excessive because a condition of the judgment for divorce, allowing reduction of child support payments from $400 to $200 per month, had been misconstrued. In Blackmon, inflammatory testimony irrelevant to the conversion damages had been admitted in a writ of inquiry proceeding, and a judgment was entered for 120 times the value of the converted property.
The trial court here found no specific error in the value entered in default. If mitigation of damages were sufficient reason for opening a default judgment, virtually any default judgment could be set aside for defendants to introduce mitigating evidence. The damages sought here were intangibles such as physical and mental anguish, damage to reputation, emotional distress, and loss of companionship. Our inspection of the record shows that Mrs. Howell's claims of illness, fear, and anxiety arising from this incident were supported by her doctors' testimony, and the defendants' evidence does not show error amounting to a ground for 60 (b)(6) relief.
Therefore the summary judgment is reversed and the cause is remanded for the court to reinstate the default judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur. *Page 30