PER CURIAM.
The only issue raised by this appeal is whether or not the trial court abused its discretion in denying Dorothy S. McDonald’s motion to reinstate her original action against First Savings Association of Wisconsin. The pertinent portions of the docket sheet in this case read as follows:
“2/26/82 — Plaintiff [appellant McDonald] having failed to appear in person or by counsel, cause dismissed with prejudice. Cost taxed to plaintiff.
“2/26/82 — Judgment by court in favor of counterelaimant [appellee First Savings Association] and against counterde-fendant [appellant McDonald] with leave to prove damages.
“9/2/82 — Plaintiff’s motion for court to set aside judgment entered [/.e. the judgment on the counterclaim in favor of First Savings Association] and to reinstate her original action in this case.
“10/12/82 — Motion submitted.
“10/15/82 — Motion denied.
“10/19/82 — Defendant, First Savings Association of Wisconsin’s motion for court to dismiss its counterclaim.
“11/2/82 — Motion granted; counterclaim dismissed, costs taxed to the coun-terclaimant.
“12/2/82 — Notice of appeal to Supreme Court filed this date by plaintiff from the order of October 15, 1982, denying plaintiff’s motion to court to set aside judgment entered and to reinstate her original action.”
As the docket sheet shows, appellee’s motion to dismiss its counterclaim was granted by the trial court; therefore, we shall consider the propriety of the trial court’s action denying the motion to reinstate appellant’s original action.
Appellant claims that extraordinary circumstances are demonstrated in this case because there is no evidence that she received notice of the February 26, 1982, hearing and thus she contends that she was denied her right to be heard at that hearing. Appellant states that she appeared in court January 25, 1982, without counsel, and admits that she was directed by the trial court to obtain new counsel to replace her previous counsel. The record indicates, however, that appellant failed to heed the trial court’s instructions and waited more than six months before engaging legal counsel to inquire as to the status of her lawsuit.
Under these facts, appellant has failed to show that the trial court’s refusal to grant relief in this instance amounts to an abuse of discretion. See e.g., Haskew v. Bradford, 370 So.2d 259 (Ala.1979); Pierson v. *757 Pierson, 347 So.2d 985 (Ala.1977); Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900 (Ala.Civ.App.1979).
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
EMBRY, J., not sitting.