Linda Diane Webb appeals from a denial of what we determine to be a Rule 60 (b)(6), ARCP, motion for relief from a nildicit judgment. The single issue presented is whether the trial court abused its discretion in denying Webb's motion. Finding no such abuse, after a careful review of the record, we affirm.
While driving a vehicle owned by Ken Jolly, appellant Webb was involved in a two car collision with the appellees, Robert and Tonie Galloway. The Galloways filed suit against Webb and Jolly, alleging personal injury and property damage.
In an attempt to effect service of process upon Webb, a certified letter of notice was sent to the California address listed on Webb's California driver's license. The letter was returned, however, marked "Addressee Unknown." The attorney for the Galloways thereafter submitted an affidavit pursuant to Rule 4.3, ARCP, indicating Webb's address was unknown and could not be ascertained with reasonable diligence. Service by publication was then effectuated by publishing notice of the suit on four occasions in the Troy Messenger, a local paper of general circulation. *Page 54 
Thirty days after the last publication, no pleading had been filed by Webb. Consequently, the Galloways successfully sought entry of a nil dicit judgment against Webb on 1 October 1982 in the amount of $16,264 plus costs.
On 19 January 1983 Webb filed a motion and affidavit seeking relief from that judgment. After a hearing, the motion was denied. On 23 February 1983, Webb filed a motion and affidavit seeking reconsideration. Again, a hearing was held, after which the motion was denied. Webb appeals from that order.
Webb's attack upon the judgment is based on two grounds. First, that the affidavit submitted by the attorney for the Galloways in support of service by publication contains mistaken or fraudulent representations regarding the diligence exercised in locating Webb's address. Webb contends her address could have been found by simply inquiring of the owner of the vehicle and codefendant, Ken Jolly.
Webb's second argument appears grounded in equity. She asserts that upon the showing of a lack of notice, and knowledge of the suit, in addition to the presentation of a meritorious defense, a judgment at law should be set aside. This court considers such an argument to be in support of a Rule 60 (b)(6) motion.
The trial court enjoys a broad discretion in determining whether to grant such a motion, and it will not be reversed on appeal absent an abuse of discretion. McDonald v. First SavingsAssociation of Wisconsin, 438 So.2d 755 (Ala. 1983); see e.g.Charles Townsend Ford v. Edwards, 374 So.2d 900 (Ala.Civ.App. 1979).
Evidence adduced at the hearing on Webb's motion revealed: Webb had left no forwarding address in California; she had never sought to change the address on her driver's license; she was uncertain whether she had told the investigating officer at the scene of the accident of her change of address. Furthermore, Webb could not remember when she had gone to the police station to notify authorities of her new address after that accident, or to whom she had spoken. Webb never asked codefendant, Ken Jolly, if he had heard from the Galloways. Lastly, the attorney for the Galloways had no knowledge that Jolly knew Webb's address until after the judgment had been entered.
Under these facts, Webb has failed to show an abuse of discretion upon the part of the trial court in denying Webb's motion. McDonald v. First Savings Association of Wisconsin,supra; Wynn v. Smith, 357 So.2d 973 (Ala. 1978); cf. Whitfieldv. Sanders, 366 So.2d 258 (Ala. 1978) (where failure to inquire about defendant's address would not support service by publication.) Likewise, we do not think the facts of record are so extraordinary as to require the trial court to set aside the default judgment on the grounds specified in the 60 (b)(6) motion. See e.g. Charles Townsend Ford, Inc., 374 So.2d at 902.Cf., Oliver v. Sawyer, 359 So.2d 368 (Ala. 1978).
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.