ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from denial of a Rule 60(b) motion, A.R.Civ.P., and adjudication of contempt of court.
Appellant and appellee were married on March 27, 1974, and one child was born to that union. On April 14, 1976, appellee filed an action for divorce, custody of child, child support, alimony, medical coverage, title to real and personal property and payment of all indebtedness. The appellant was served on April 19, 1976, and, failing to answer, a default was entered against him on September 19,1976. On August 20, 1980, a commission was issued to Gaylord Mullins, II, to take testimony in the pending divorce action. The depositions of Frances Louise Cain and Charles Wiggins were taken by Gaylord Mullins, II, which were submitted on a note of testimony, on the same day, to the court which entered a judgment of divorce and granted the appel-lee the relief she prayed. The judgment ordered the appellant to pay $150 every two weeks as child support and $150 every two weeks as alimony; gave to the appellee the mobile home, household goods, Grand Prix automobile, a Glastron boat, the real estate and house owned jointly by the parties, and a $500 attorney’s fee; ordered appellant to pay all outstanding indebtedness owed by the parties, including that on the real property and mobile home; and further ordered him to provide medical expenses for the parties’ minor child.
On June 11, 1983, appellee filed a Rule Nisi, which was served on the appellant on July 13, 1983, for failure to pay child support and alimony. On September 2, 1983, a default was entered for failure to answer the Rule Nisi, which had been set for hearing on September 8, 1983. On September *26 21, 1983, appellant filed a motion under Rule 60(b) for relief from the default judgment entered on August 20, 1980, and an answer denying indebtedness to the Rule Nisi. An ore tenus hearing was held on November 18, 1983. On December 8, 1983, the trial court entered an order denying the appellant’s Rule 60(b) motion; found him in contempt of court and ordered that he pay appellee the sum of $21,195 for arrearage in child support and alimony, until appellee remarried, plus $750 in attorney’s fees; and further ordered that if said sums were not paid within sixty days, appellant was to be incarcerated until they were paid.
Appellant alleges that the trial court erred in failure to grant his Rule 60(b) motion as Gaylord Mullins, II, was an employee of attorney for appellee and disqualified under Rule 28(c) to take the depositions of Frances Louise Cain and Charles Wiggins; and this being so, there was no evidence before the court, as required under Rule 55(e), on which to base a judgment. Therefore, the judgment is void. It was stipulated by the parties that at the time the commission was issued and the depositions taken, Gaylord Mullins, II, was a clerk-typist in the office of appellee’s attorney.
Rule 28(c), A.R.CÍV.P. states:
“No deposition shall be taken before a person who is a relative or employee or attorney or counsel for any of the parties, or to a relative or employee of such attorney or counsel or is financially interested in the action.”
Rule 32(d)(2) provides that,
“Objection to the taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.”
In regard to divorce, Rule 43(a) states,
“[I]n cases of default or upon written waiver the testimony may be taken upon deposition on oral examination in accordance with prior practice, and at any time and without notice of the time and place of the taking or other proceedings therein.”
Rule 43(a) preserves the old Alabama practice with respect to presentation of evidence to a commission in a default divorce proceeding. See Committee Comments, Rule 43(a).
“Objections duly made to errors or irregularities specified in Rule 32, must be substantial and really affect the value of the deposition as evidence, before they can be held to preclude the use of the deposition, in whole or in part, at time of trial.”
4A J. Moore, Moore’s Federal Practice 3211 (2d ed. 1983). In absence of any citation of testimony that should have been excluded in the deposition there was no abuse of discretion on the part of the trial court, nor prejudicial error. Standard Oil Company v. Landmark Farm Bureau Cooperative, 52 Ohio App.2d 225, 369 N.E.2d 785 (1976). The appellant fails to cite any error other than the appointment of a commissioner who was an employee of appel-lee’s attorney. This was not error under Alabama practice in cases of default divorce action.
Appellant further alleges the trial court erred in failing to grant his motion under Rule 60(b)(6). Relief is not justified under a Rule 60(b)(6) motion, unless a party is able to show exceptional circumstances sufficient to entitle him to relief. Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App.1978). The decision of whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1980).
In reviewing the record, wé cannot say the trial court abused its discretion. The appellant had a right to choose counsel or no counsel, trial or no trial. His full, calculated and deliberate choice was to default. He is the victim of his chosen disregard for the legal process served upon him *27 and his callous temperament toward his family.
Judgment of the trial court is hereby affirmed.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.