I concur in Part I of the opinion, but dissent as to Part II. While I recognize that default judgments are not favored,Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala. 1982), they are authorized by our Rules of Civil Procedure, and I am of the opinion that the trial judge did not abuse his discretion in refusing to set aside the one he entered in this case.
Lee contends that his failure to answer the complaint should be considered "excusable neglect" under Rule 60(b)(1), Ala.R.Civ.P. To support this assertion, Moody, the insurance adjuster, submitted an affidavit stating that the summons and complaint were misplaced because of a heavy workload in his office and that, at the time the summons was received, he was moving his office from one location to another. He stated that the summons and complaint were accidentally placed in a box of "closed" files. Although it is true that default judgments are not favored by the courts, once such a judgment is entered, the power to set it aside rests within the sound discretion of the trial court, and this Court will not overturn the trial court's action unless there is an abuse of discretion. Wade v.Pridmore, 361 So.2d 511 (Ala. 1978).
By its terms, Rule 60(b)(1) has some time limits:
 "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .
 "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken."
In this case, the judgment was entered on August 19, 1986, and the motion to set it aside was filed on December 24, 1986 — beyond the four-month limit. Lee excuses his tardiness and charges that Martin waited until after four months had passed before she sought satisfaction of her judgment, specifically to avoid the operation of the Rule 60(b) provision. There is no evidence in the record to support this contention, and Martin was within her rights to wait as long as 10 years to seek satisfaction of her judgment, if she wanted to. See CampbellConstruction Engineers, Inc. v. Covington, 460 So.2d 1236 (Ala. 1984). Broad discretion is accorded to trial courts on Rule 60(b) motions. Based on that principle, I cannot say the trial judge abused his discretion in denying Lee's claim on this ground. Haskew v. Bradford, 370 So.2d 259 (Ala. 1979). Neither can I agree with Lee's assertion that his claim for relief should have been granted under the provisions of Rule 60(b)(6), Ala.R.Civ.P.
Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason justifying relief from the operation of the judgment."
 "Relief under 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice. City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981); Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900 (Ala.Civ.App. 1979); Ackermann v. United States, 340 U.S. 193, 712 S.Ct. 209, 95 L.Ed. 207 (1950). *Page 188 
 "With these general considerations in mind, we turn to matters more specific in this case. 'In order for one to obtain 60(b) relief, he must allege and prove one of the grounds set out under the rules, together with a meritorious defense to the action.' Raine v. First Western Bank, [362 So.2d 846, at 848 (Ala. 1978)]. See also, Whitehead v. Georgia Pacific Corporation, 352 So.2d 1342
(Ala. 1977)."
Howell v. D.H. Holmes, Ltd., 420 So.2d 26, 28 (Ala. 1982). The parties in this case dispute whether a meritorious defense to the claim has been presented, but there is no question that the relief sought under Rule 60(b)(6) must not be based on "mistake, inadvertence, surprise, or excusable neglect" as provided for under Rule 60(b)(1). Although Rule 60(b)(6) allows relief for any reason justifying relief, and operates exclusively of the specific grounds listed in Rule 60(b)(1) through (5), nevertheless, a party may not escape the time limits of Rule 60(b)(1), (2), and (3) merely by characterizing his motion as a Rule 60(b)(6) motion. Alabama Farm BureauMutual Casualty Insurance Co. v. Boswell, 430 So.2d 426, 429
(Ala. 1983).
Based on the record before us, I cannot say that the trial judge abused his discretion in refusing to set aside the default judgment under the provisions of Ala.R.Civ.P. 60(b)(6). See my dissents in Illinois C.G.R.R. v. Norton, 514 So.2d 1283
(Ala. 1987); Kirtland v. Fort Morgan Authority Sewer Service,Inc., [1988] 524 So.2d 600 (Ala. 1988), and Jones v. Hydro-Waveof Alabama, Inc., 524 So.2d 610 (Ala. 1988). I believe this Court, starting with Illinois Central Gulf Railroad, has established a new rule of appellate review of trial judges' action in the default judgment setting and takes from trial judges the power to enter a default judgment in cases where our Rules of Civil Procedure authorize them. Service was perfected in this case on June 26, 1986, over two years ago, and plaintiff has not yet had her day in court, all because an adjuster misplaced a file. I believe that trial judges are in a better position to judge when and under what conditions a default judgment should be set aside, and that is why the law vests broad discretion in them. Because I believe this case, and the ones relied upon by the majority, departs from this time-honored rule, I must respectfully dissent.
BEATTY, J., concurs.