RUSSELL, Judge.
This is an appeal from a circuit court’s dismissal of an appeal as untimely.
This action was originally instituted in the district court by Coastaire Supply, Inc. (appellee) against Jim LeSeuer (appellant) *959 to collect an amount due on a promissory-note. Following an entry of summary judgment in favor of the appellee, the appellant filed a motion to set aside judgment, which was denied on December 5, 1988. The appellant, however, did not receive notification of the order denying that motion until two days prior to the deadline for filing appeals to the circuit court. Consequently, the appellant filed a motion for an extension of time in which to file his appeal, which the district court granted. The circuit court, however, in response to the appellee’s motion, dismissed the appeal as untimely.
In response to that dismissal, the appellant filed a motion pursuant to Rule 60(b), Alabama Rules of Civil Procedure, seeking to vacate the district court’s grant of summary judgment. The district court granted this motion and prospectively reinstated its earlier judgment, redating the original order of August 30, 1988, and making it effective as of April 10, 1989. As a result, the appellant was afforded an additional fourteen days within which to file a second appeal. Notice of that appeal was dated April 19, 1989. The circuit court, however, dismissed the second appeal as untimely.
The appeal to this court followed. We reverse.
As regards the appellant’s appeal of the first dismissal by the circuit court, we find that it does not fall within the 42-day time provision governing such appeals, and, thus, is untimely. Rule 4, Alabama Rules of Appellate Procedure. The circuit court’s dismissal of the appellant’s second appeal, however, is properly reviewable by this court.
The dispositive issue with regard to that dismissal is whether the district court had proper jurisdiction to grant the appellant’s requested relief under Rule 60(b), A.R.Civ.P. We find that it did. That rule provides:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
The district court, in its discretion, granted the appellant an extension of time within which to file his original appeal to the circuit court. That court, however, in dismissing the appeal as untimely, apparently gave no recognition to the district court’s authority to grant such an extension pursuant to Rule 77(dc), A.R.Civ.P. Furthermore, Rule 60(b)(6) is intended to provide additional grounds for relief from final judgments which the trial court, in the exercise of its broad discretion, finds appropriate. Consequently, we find that the district court’s subsequent grant of the appellant’s 60(b) motion in order to remedy such injustice, when balanced against the need for the finality of judgments, was proper. See Haskew v. Bradford, 370 So.2d 259 (Ala.1979). Therefore, the circuit court’s dismissal of the appellant’s second appeal was error.
We pretermit a discussion of the appellant’s remaining issue as unnecessary.
This case is due to be reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.