# Gay v. Fleming, et al.

## Ejectment.

(Decided April 23, 1913.    Rehearing denied June 5, 1913.
62 South. 525.)

1. *Homesteads; Encumbrance; Termination.*—The mortgage executed by a married man conveying land on which he was then living, not signed or separately acknowledged by the wife, is a nullity as to part of the land claimed as a homestead, and a subsequent abandonment of the homestead will not operate to validate the mortgage.

2. *Same; Requisites.*—A mortgage by a married man conveying lands not his homestead divests him of the legal title, although not separately signed and acknowledged by the wife, and his heirs cannot thereafter recover the land in an action of ejectment, whether the mortgage foreclosure proceeding was regular or not.

3. *Same; Acreage in Excess of Homestead.*—Even though a mortgage conveys land upon which the mortgagor and his family reside covering more than 160 acres, the mortgagee took it with notice of the risk as to what particular 160 acres the mortgagor or his heirs might select as a homestead.

4. *Payment; Mortgages; Presumption From Lapse of Title.*—Where a mortgagee allows twenty years or more to elapse, before taking any steps to compel the payment of a mortgage debt, or to assert any rights to the property conveyed, it is presumed that the mortgage has been paid, or that disputed title has been settled.

5. *Same.*—Where the action was ejectment for land alleged to have been the homestead of the father of plaintiff at the time he executed the mortgage under which defendant claims, and the evidence was in conflict as to whether payments had been made upon the mortgage within the twenty years, the foreclosure proceedings and possession thereunder became admissible to rebut the presumption of payment of the mortgage debt.

6. *Adverse Possession; Instructions.*—Where the evidence showed adverse possession by defendant from a time ten years prior to the trial, but not ten years prior to the commencement of the suit, a charge as to the ten-year limitation which does not require the possession to have been for the specified time prior to the commencement of the suit, was erroneous.

APPEAL from Clarke Circuit Court.

Heard before Hon. W. J. YOUNG, Special Judge.

Ejectment by Annie Roberts Gay against Buck Fleming and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The parties to the suit claim from a common source, John W. Gay, the plaintiff as a daughter and heir of said Gay, and the defendants through a mortgage executed and delivered by the said John W. Gay to H. J. Savage, and mesne conveyances from Savage to defendant. There was evidence tending to show that at the time of the execution of the mortgage Gay's wife was living, and that they resided upon the land as a homestead. There was evidence tending to show the contrary. There was also evidence tending to show that the mortgage was more than 20 years old, and that no payment had been made upon it. The evidence also tended to show that payments had been made.

The following charges were given for defendant:

"(1) If you are reasonably satisfied from the evidence that H. J. Savage and those claiming under him have been in the actual, hostile possession of the land involved in this suit continuously for 10 years, then you will find for defendant.

"(A) If you are reasonably satisfied from the evidence that J. W. Gay moved to the state of Florida during his life and carried his family with him, and had acquired a homestead in the state of Florida, and was residing in that state at the time of his death, and had not selected his homestead before leaving the state of Alabama, then he forfeited his right of homestead in the state of Alabama, and you must find for the defendant."

T. J. BEDSOLE, and WILLIAM D. DUNN, for appellant. The mortgage from Gay to Savage was void as a conveyance of the homestead, and the court erred in admitting it in evidence.—*Alford v. Lehman-Durr Co.,* 76 Ala. 526; *Moses v. McLean,* 2 South. 741; *Marks v. Wilson,* 115 Ala. 561; 127 Ala. 185; 137 Ala. 199. The

mortgagee took with the notice and risk of what the husband or his heirs might claim or select as a homestead.—*McGuire v. Van Pelt*, 55 Ala. 345; *Richardson v. Woodstock I. Co.*, 8 South. 7. Foreclosure cannot be proven by parol testimony.—*Carroll v. Powell*, 48 Ala. 298; *Robinson v. Cahalan*, 91 Ala. 479. The court erred in admitting the unsigned deed to Massey Wilson from Savage.—*Carroll v. Powell, supra; Sanders v. Cassidy*, 86 Ala. 246. The court erred in giving charge A requested by defendant.—*Alford v. Lehman, supra; Blacksher v. Northup*, 57 South. 743.

WILSON & TUCKER, and GOODWYN & McINTYRE, for appellee. The mortgage was valid as to the excess, and before the mortgagor could defeat a foreclosure, he must show a selection of the homestead, and that it does not exceed the constitutional limits.—*Hary v. Sulzbacher*, 62 Ala. 44; *de Graffenried v. Clark*, 75 Ala. 425; *Goodlow v. Dean*, 81 Ala. 479. Such a conveyance passes the legal title to the grantee subject to the right of selection of homestead by the grantor, and judgment allowing the homestead without such selection, would be a nullity.—*Clark v. Allen*, 87 Ala. 198; *Clark v. Spencer*, 75 Ala. 49, and authorities supra. The homestead was abandoned, as the claimant moved his family out of the state without having filed his claim in the probate court.—*Talmadge v. Talmadge*, 66 Ala. 199; *Lands v. Boykin*, 122 Ala. 657.

ANDERSON, J.—As we view this case there is but one controvertible question to submit to the jury. If the plaintiff's father, a married man, lived on the land when he made the mortgage to H. J. Savage, it was a nullity as to the 160 acres now claimed as the homestead, and no subsequent abandonment of the said home-

stead imparted validity to the mortgage as a convey-
ance of same, and, unless the defendants acquired title
by adverse possession, the plaintiff was entitled to re-
cover, and the record fails to disclose 10 years contin-
uous adverse possession.

On the other hand, if the land was not the home-
stead when Gay executed the mortgage to H. J. Savage
in 1889, it operated to get the legal title out of Gay into
the said Savage, notwithstanding the same was not sign-
ed and separately acknowledged by the wife of the said
Gay, and the plaintiff could not recover whether the
foreclosure proceedings were or were not regular. "A
mortgage, void as to the homestead, because not legally
executed by the wife of mortgagor, is insufficient, after
foreclosure sale thereunder, to support an action of
ejectment by the purchaser, though such homestead
had not been selected at date of the mortgage nor at
that of sale."—*Marks v. Wilson,* 115 Ala. 561, 22 South.
134.   Such a mortgage or other alienation of the home-
stead is invalid for any purpose.—*Slappy v. Hanners,*
137 Ala. 199, 33 South. 900; *Henderson v. Kirkland,* 127
Ala. 185, South. 674.   Nor did the subsequent abandon-
ment of the homestead render such a void conveyance
valid.—*Alford v. Lehman,* 76 Ala. 526.

So, also, notwithstanding the mortgage contained
over 160 acres, the mortgagee took with notice and risk
of what the husband or his heirs might select.—*Mc-
Guire v. Van Pelt,* 55 Ala. 345.   There being a sharp
conflict in the evidence as to whether or not the mort-
gagor Gay lived on the land when he executed the mort-
gage to Savage, the trial court properly refused the
plaintiff's requested general charge.

If parties allow 20 years to elapse without taking any
steps to compel the settlement of a mortgage debt, or
to assert rights of property, the presumption of pay-

ment or settlement of the disputed title arises.—*Good-wyn v. Baldwin,* 59 Ala. 127; *Bailey v. Butler,* 138 Ala. 153, 35 South. 111.

There was no such presumption, however, in the case at bar, as the mortgagee took steps to foreclose the mortgage within a few years, and his heirs were in possession of the land for several years before the expiration of the 20 years. Whether the deed from Wilson back to the mortgagee Savage was signed or not, the defendants had the right to show the whole foreclosure proceedings and possession thereafter to refute any presumption of payment after the lapse of 20 years. Moreover, the defendants could defeat the plaintiff's right to recover if the mortgage was valid as to the land, whether the foreclosure was regular or not, as said mortgagee got the title out of Gay and the plaintiff, as his heirs, would not have any title to the land.

Charge 1, given for the defendants, should have been refused. If not otherwise faulty, it failed to fix the termination of the adverse possession at or prior to the commencement of the suit, and said omission may have been highly prejudicial to the plaintiff. For instance, the defendants showed adverse possession for not quite 10 years before the suit was brought, yet the possession commenced over 10 years before the case was tried, and under charge 1 the jury could and may have included the time between bringing the suit and the trial as a part of the 10 years.

Charge A, given for the defendants, can well be refused on the next trial, for whether its being given would be error to reverse we need not decide, as the case must be reversed for other reasons. It is sufficient to say that said charge was abstract and misleading as the right of Gay to claim a homestead in Alabama or Florida after he executed the mortgage had

nothing to do with the case. The question was whether or not the land included his homestead when he made the mortgage and before he moved to Florida. If it did, the mortgage was invalid as to the homestead, and a subsequent abandonment of the homestead or the acquirement of one in Florida did not impart validity to the mortgage or preclude him, his heirs, or assigns from asserting the invalidity of said mortgage.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.

