17 So.2d 416

**SKINNER v. ELLIS et al.**

**3 Div. 402.**

Supreme Court of Alabama.

March 23, 1944.

McMillan, Caffey & McMillan, of Brewton, for appellant.

Hamilton & Jones, of Evergreen, for appellees.

STAKELY, Justice.

This is an appeal from a final decree of the equity court cancelling, on the ground that it was fully satisfied, a mortgage on real estate executed by Paul S. Ellis and Jessie Ellis, his wife (appellees), to J. E. Skinner (appellant). The decree permanently enjoined foreclosure of the mortgage. The lower court found that in the fall of 1936 the appellees, as lessors, made

and entered into a written lease contract with appellant, as lessee, the consideration thereof moving to lessors being the cancellation of the mortgage. Finding further that the lessors had complied with the lease contract, the court cancelled the mortgage and enjoined its foreclosure.

■ Appellant contends that the lease contract never existed while appellees insist that the lease contract was duly made and executed. The lease contract was not produced on the trial. So decision in the case turns on this issue of fact. The case was submitted on testimony which was not taken in open court before the judge, but before a commissioner agreed upon by the parties. Accordingly, the findings of fact by the lower court are not supported by any presumptions of verity, and the evidence must be here weighed and considered de novo. Box v. Box, 243 Ala. 437, 10 So.2d 478; Cavin v. Cavin, 237 Ala. 185, 185 So. 741; Howell v. City of Dothan, 234 Ala. 158, 174 So. 624; Fannin v. Trotter, 215 Ala. 17, 109 So. 102.

The evidence was rather voluminous and is in sharp dispute. It has been carefully considered, but no good purpose can be gained by a statement of its details.

■■ Solution of the case presents its difficulties, but, like the trial court, we conclude that under all the evidence the lease contract was as a fact made and entered into and its terms complied with by the lessors and, accordingly, the mortgage should be cancelled and its foreclosure enjoined. Under all the evidence, we think that complainants met the burden of proof which the law imposes. Box v. Box, supra; Union Baptist Church et al. v. Roper, 181 Ala. 297, 61 So. 288; Shorter v. Sheppard, 33 Ala. 648.

We are not impressed with the contention that the proof fails to show that the consideration for the lease contract was expressed in the instrument with a resulting violation of the statute of frauds. Rains v. Patton, 191 Ala. 349, 67 So. 600. We think the evidence met the test in this regard.

The decree of the lower court is in all respects approved and affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.