24 So.2d 123

### McCULLOUGH v. McCULLOUGH.

4 Div. 375.

Supreme Court of Alabama.

Dec. 20, 1945.

J. C. Fleming, of Elba, for appellee.

SIMPSON, Justice.

The bill as amended is in essence one by a personal representative to enforce an equity of redemption of real estate owned by his intestate mortgagor.

Generally, the equitable right of redemption belongs to one who has an interest in the premises and would be a loser by foreclosing (42 C.J. 357, § 2091) or who owns the mortgagor's equity of redemption or any subsisting interest therein by privity of title with him by purchase, inheritance or otherwise. Butts v. Broughton, 72 Ala. 294.

The personal property, so far as adequate for that purpose, is the natural fund out of which real estate mortgages of a decedent must be paid (Foster v. Foster, 219 Ala. 70, 121 So. 80), and it would devolve upon the personal representative to so satisfy them. In the discharge of this duty it might be necessary, and he could resort to, the instant remedy as a means of determining the amount due, if any, on the mortgage. Merriam v. Barton, 14 Vt. 501, 514; 42 C.J. 366. In these circumstances then, others not considered, the interest of the personal representative would be such as to authorize the bill to redeem and, since no demurrer challenged it, further discussion of the question will be pretermitted, except to say that the bill has equity and sufficiently invokes the jurisdiction of the court to this end. See also 2 Jones on Mortgages, 8th Ed., § 1405; 24 C.J. 801, § 1992; 34 C.J.S., Executors and Administrators, § 741; 34 C.J.S., Executors and Administrators, p. 773, § 741, subsec. c; 21 Am.Jur. 548, §§ 295, 296.

In the state of the pleading, however, only the single issue of the amount due, if any, on the mortgage is presented and review of the decree of the trial court will therefore be limited to this inquiry. The relief sought is predicated on no other equity.

The witnesses did not appear before the court and testify but the case was

Carnley & Carnley, of Elba, for appellant.

288

submitted on testimony taken before a commissioner, so the evidence on the question of payment and the amount due must here be weighed and considered de novo. 2 Alabama Digest, Appeal and Error, ☞ 931(1).

The appellant contended and sought to show by his evidence that the mortgage had been fully paid and was entitled to be so credited. Upon this question the court ascertained that the mortgage was entitled to no credits. Proper solution of the issue is not free of difficulty, as the evidence presented is not entirely clear and leaves the mind in some doubt and .confusion, but after a considerate study of the entire record, we, like the trial court, have concluded that the complainant has not sustained the burden resting on him.

The fault, we think, in counsel's argument for error in the trial court's conclusions on this question is in assuming that because maturity of the mortgage was ten years overdue the debt would be presumed paid. Under certain conditions this might be a corroborating circumstance supporting a claim of payment, but the presumption of payment or settlement of a mortgage debt arises only after a lapse of a period of twenty years from maturity where no steps have been taken to enforce settlement or to assert rights of property. Short of that period there is no such presumption in law. Gay v. Fleming, 182 Ala. 511, 62 So. 523, 525; Wilkerson v. Sorsby, 208 Ala. 345, 94 So. 481.

Contrary to appellant's contention, the rule seems to be, that there is a rebuttable presumption that the debt has not been satisfied where, as here, the twenty-year period has not' elapsed and the obligee is in the possession of the uncancelled obligation. 48 C.J. 687, § 189.

A complainant in the status shown by the bill of complaint, who claims credits on or full payment of the mortgage indebtedness, has the burden to establish it by satisfactory evidence (Skinner v. Ellis, 245 Ala. 397, 17 So.2d 416; Cross v. Bank of Ensley, 203 Ala. 561, 84 So. 267) and, while there was evidence of a circumstantial nature tending to show a satisfaction of the mortgage, we are not reasonably so satisfied in view of the burden resting on complainant and the presumption of nonpayment attending the inquiry.

We are invited to review the question of the validity, vel non, of the mortgage, its proper execution and whether duly acknowledged, etc., but the bill seeks no such relief nor is it comprehended within the issues thereby tendered. Treatment of these matters, therefore, would be out of order.

The whole case, cautiously considered, impels us to the conclusion that the decree should be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.