·103 So.2d 714

**Daniel McCARY**

**v.**

**Blossom CRUMPTON.**

**5 Div. 685.**

Supreme Court of Alabama.

June 5, 1958.

Glen T. Bashore and Walter C. Hayden, Jr., Clanton, for appellant.

MERRILL, Justice.

Appellant filed a statutory action of ejectment against appellee in July, 1947, to recover 71 acres of wild and uncultivated land in Chilton County. The cause was transferred to equity and, on appeal, we held that the cause should be retransferred to the law side of the docket, 263 Ala. 576, 83 So.2d 309. Trial was had on March 20, 1957, and the jury found for the appellee, a motion for a new trial was overruled and this appeal was taken.

Both parties claim title through a common source, Moses McCary. The Alabama Mineral Land Company sold the suit property to Moses McCary in 1914, reserving minerals and mining privileges. Moses executed a mortgage and three notes back to the company, one being due November 15, 1915, one November 15, 1916, and one November 15, 1917. The first note was paid. On February 2, 1918, the mortgage and the two remaining notes were transferred by Alabama Mineral Land Company to T. U. Crumpton Company, a corporation which was dissolved in 1928, and the assets, including the mortgage and the two notes, were transferred to Miss Blossom Crumpton, the appellee, and the transfer

Omar L. Reynolds, Reynolds & Reynolds, Clanton, for appellee.

was placed on record where the mortgage was recorded.

Moses McCary died in 1926 and left surviving one child, Frank, who died in 1929, leaving surviving one child, Daniel McCary, the appellant. There is no contention that Frank or Daniel have ever been in possession of the property since the death of Moses.

Appellee went into possession of the land as mortgagee within a few years after the death of Moses McCary. The taxes were assessed to the estate of Moses McCary until 1931, when appellee began assessing and paying taxes, and has continuously done so since. Appellee's possession amounted to going out to look over the property about twice a year, giving permission to the REA to put poles on the property and giving permission to the county to build a road across it.

■ On May 31, 1948, after suit was filed and before trial, Alabama Mineral Land Company conveyed the mortgage, the notes and the land to appellee, and this instrument was recorded. This conveyance was admissible under the rule that the plaintiff, to recover in ejectment, must have title when he files his suit, and also at the time of trial; but the defendant can defend under any title acquired by him before the trial under the plea of not guilty. Johnson v. Sandlin, 206 Ala. 53, 89 So. 81, and cases there cited.

■ Appellant contends for the application of the rule that after a period of twenty years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid. Eatman v. Goodson, 262 Ala. 242, 78 So.2d 625; Gay v. Fleming, 182 Ala. 511, 62 So. 523. The law day of the mortgage was November 15, 1917, and if nothing was done by November 15, 1937, the rule would apply. But where the mortgagee, before the expiration of twenty years, takes possesssion of the property, assesses it for taxation in her own name and without recognition of any rights of the mortgagor, and without application of any rents or profits to the mortgage indebtedness, the presumption of payment is rebutted. Loper v. Dickey, 190 Ala. 554, 67 So. 255; Crabtree v. Price, 212 Ala. 387, 102 So. 605; Woods v. Sanders, 247 Ala. 492, 25 So.2d 141. Here, the appellee had possession of the mortgage and the unpaid notes, she has assessed and paid the taxes continuously since 1931; she and the manager of T. U. Crumpton Company testified that the notes had never been paid; such acts of possession as were performed were exercised by appellee, and there was no evidence of any claim hostile to hers from the death of Moses McCary in 1926.

■ A mortgage on real estate passes to the mortgagee a fee-simple title, unless otherwise expressly limited. Mallory v. Agee, 226 Ala. 596, 147 So. 881, 88 A.L.R. 1107; Cowart v. Aaron, 220 Ala. 35, 123 So. 229.

■ "It is settled that in suits in eject-the legal title prevails." Thompson v. Page, 255 Ala. 29, 49 So.2d 910, 913; and legal title draws to itself the constructive possession of unenclosed, unimproved, and unoccupied land or lots, Pfaffman v. Case, 259 Ala. 411, 66 So.2d 890, 892. We do not hold that the original recorded transfer of the mortgage to appellee in 1918 was sufficient to transfer title, it being only color of title, but the title was conveyed by the transferor to appellee prior to the trial.

■ "The payment of taxes on property and an occasional trip over the land looking after it do not alone constitute adverse possession. But payment of taxes along with evidence of possession is admissible to show bona fides of a claim and to illustrate the meaning of acts of possession." Pfaffman v. Case, supra.

■ Under the facts of the instant case, legal title passed to appellee under the mortgage, and this was sufficient defense unless appellant showed that title

**488**

was divested out of the mortgagee or his privies. This he failed to do to the extent that it only became a question of law. We think there was sufficient evidence to submit the questions of whether the presumption of payment had been rebutted and appellee's adverse possession to the jury.

Appellant's other contention is that the mortgage had been satisfied on the record. The following notation was written on the margin of a page on which the mortgage was recorded:

"Satisfied Paid in full Jany 1st 1910. T. U. Crumpton Co. By C. M. Foshee Genrl Mgr."

 Clearly, the date is a mistake because the mortgage was not executed or recorded until 1914. C. M. Foshee testified that the purported satisfaction was an error; that he usually had several mortgages to satisfy each year when he made a trip to Clanton for that purpose; that the last two notes had not been paid and that they were still unpaid when they were transferred to appellee. The entry of satisfaction on the margin of a record raises, as between the parties, only prima facie a presumption of payment and is not conclusive. Wilson v. Federal Land Bank of N. O., 230 Ala. 75, 159 So. 493; Burns v. Burns, 228 Ala. 61, 152 So. 48. The fact that a written obligation providing for the payment of money is in the possession of the obligee, and uncancelled, raises a rebuttable presumption that the debt evidenced thereby has not been paid. 70 C.J.S. Payment § 99, p. 305; McCullough v. McCullough, 247 Ala. 286, 24 So.2d 123; Brittain v. Commercial Nat. Bank of Anniston, 239 Ala. 506, 195 So. 739. Certain it is that the question of whether the satisfaction by Foshee was a mistake was for the jury.

Finally, appellant argues that the court erred in refusing to give requested written charge P3 which reads: "The Court charges the jury that if they believe the evidence in this case the defendant has no rights under the mortgage given in 1914,"

and cites Gay v. Fleming, 182 Ala. 511, 62 So. 523, as authority for its correctness. We do not find that the Gay case supports such a charge and it is contrary to the law of the cases previously cited in this opinion, and the charge was properly refused.

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.