This appeal involves the attempted foreclosure of a vendor's lien on property for non-payment.
Dock Bradford sold the subject property to Robert and Louise Bradford in 1959. The conveyance, which was properly recorded in the Clarke County Probate Office, contained the reservation of a vendor's lien. In 1961, Robert and Louise Bradford conveyed the property to Frank Haskew.
Dock Bradford died in 1963, and Marion Bradford was appointed executor of the estate. Robert Bradford died in 1974.
In contemplation of a possible sale of the real estate, Haskew made a title search in 1974, and discovered the unsatisfied vendor's lien in his chain of title. Marion Bradford, executor for Dock Bradford, was asked to mark the lien satisfied of record. He refused, but instead, after searching available records, he filed a claim against the estate of Robert Bradford, original vendee, and instituted foreclosure proceedings in an effort to collect under the lien.
Haskew asked for, and received, a temporary restraining order or temporary injunction to enjoin foreclosure. The court held a hearing and granted the parties thirty days within which to file briefs. No briefs were filed and the judge entered an order, dated February 22, 1978, in favor of Marion Bradford, granting his request to foreclose the vendor's lien. The judge found that all the indebtedness evidenced by the lien had not been paid. He dissolved the temporary restraining order.
On April 28, 1978, appellant Haskew filed a motion for relief from order pursuant to ARCP Rule 60 (b). He alleged that he had not received notice of the order dated February 22, 1978, and the 42-day limitation period for appeal had expired.
The trial judge then reinstated the temporary restraining order. After conducting a hearing on the 60 (b) motion, the judge prospectively reinstated and redated his order of February 22, 1978, and, in effect, made the order effective as of May 18, 1978, thus allowing appellant 42 more days from May 18, 1978, in which to appeal. Notice of appeal was filed within 42 days after May 18, 1978.
 MOTION TO DISMISS
The appellee requests that this Court dismiss the appeal on the ground that the trial court had no jurisdiction to grant relief under Rule 60 (b). He argues that the order of May 18, was a circumvention of the mandate of ARCP Rule 59 (e) which sets a 30-day limit upon motions to alter, amend, or vacate a judgment.
We hold, however, that the trial judge's actions find support in Rule 60 (b) ARCP, which provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have *Page 261 
prospective application; or (6) any other reason justifying relief from the operation of the judgment."
In relieving the appellant from the February 22 order, the court stated that:
 ". . . [t]he plaintiff has shown good cause for having failed to take appropriate action sooner, and in balancing the desire to remedy injustice against the need for finality of judgments, the Court finds that a disputed issue exists as to whether or not the plaintiff and/or his attorney had notice of the Order of this Court dated the twenty-second day of February, 1978, within time which to file and/or perfect a timely appeal of this Court's said Order."
Clause 6 of Rule 60 (b) is a residual clause intended to provide ample grounds for relief from final judgments which the trial court, in the exercise of its broad discretion, finds necessary. The judge obviously considered relief to be justified. Motions under this clause should be made within a reasonable time, however.
The Rule 60 (b) motion was filed within 65 days after entry of the February 22 order. We hold it was filed within a reasonable time.
A commentator on the Federal Rules has stated:
 "Like Rule 60 (b) generally, clause (6) should be liberally applied to situations not covered by the preceding five clauses so that, giving due regard to the sound interest underlying the finality of judgments, the district court, nevertheless has power to grant relief from a judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice." 7 Moore's Federal Practice ¶ 60.27[1].
Clause 6 of Rule 60 (b) ARCP is identical to clause 6 of the federal rule and should be similarly interpreted.
 MERITS
The appellant's position on this appeal is that the trial court was clearly and plainly in error in finding the indebtedness secured by the vendor's lien had not been paid in full. He argues that the testimony shows clearly and by direct evidence that Robert Bradford had, in fact, paid the debt owed to Dock Bradford for the real estate in question.
The appellant also contends that a vendor's lien should not be enforced where as a result of unreasonable delay, the original transaction has become so obscure because of lapse of time, loss of evidence, and the death of both parties to the transaction, there is difficulty in doing justice and a very real danger of doing injustice.
Appellant supports his claim of injustice by citing evidence which came from the testimony of a friend of the parties to the original transaction, J.I. Henson, and from Dock Bradford's widow. At trial, Henson testified:
 "Q. Did you have any conversation with Robert Bradford about whether the land was paid for, or how it was paid for?
 "A. Yes, sir. He told me that the stumpage paid all of it but $200.00, and he give Uncle Dock a check for the last $200.00. Said, `I can sell it if I want to.'
* * * * * *
 "Q. And he told you the stumpage paid for all of it except $200.00 of it, and he paid him by check for that?
"A. Yes, sir.
 "Q. Did he cut the timber off this land sometime before he sold it to Mr. Haskew?
"A. Yes, sir.
* * * * * *
 "Q. Mr. J.I., when you went to see Mr. Dock — did you go see Mr. Dock?
"A. Yes, sir.
 "Q. Did you tell him Robert had asked you to show the land to Mr. Haskew?
"A. Yes, sir.
"Q. He was aware that Robert was fixing to sell it?
"A. Yes, sir, I told him he was going to sell it.
* * * * * * *Page 262 
 "Q. In any conversation between y'all did he ever mention that any debt was owed on the land to him?
"A. No, sir.
Mrs. Bradford was questioned as follows:
 "Q. Did Mr. Dock ever object to Mr. Robert Bradford cutting the timber?
"A. Not to my knowledge.
 "Q. And you were aware of it, wasn't you, both of you?
"A. Yes.
 "Q. And I will ask you isn't it a fact that the stumpage was being paid to Mr. Dock for payment of the land?
"A. I suppose that is correct.
"Q. That was what you understood, wasn't it?
"Q. Yes."
Mrs. Bradford also identified the signature of her husband on the back of a check for $200.00 written to him from Robert Bradford dated August 21, 1959.
The appellant submits that this testimony is clear and convincing evidence that the property had been paid for in full by Robert Bradford and that the vendor's lien reserved by Dock Bradford had been extinguished. He argues that this evidence was not controverted by direct evidence and that where there is direct, uncontradicted testimony of a fact, which is consistent with other proven facts, as is true here, a finding to the contrary cannot be allowed to stand. Woodward Iron Co. v.Goolsby, 242 Ala. 329, 6 So.2d 11 (1942).
Appellee counters appellant's argument by pointing out that this Court's cases, relying upon the statutory law of this state, have consistently recognized that the proper recordation of vendor's liens, as well as other interests in land, acts as notice, albeit constructive notice, to subsequent purchasers. Section 35-4-51 (Code 1975). Handley v. First National Bank ofHuntsville, 235 Ala. 664, 180 So. 667 (1937). He contends that one who purchases property with notice, actual or constructive, of the interest of another in such property takes the property subject to the interest of that third person. Hill v. Taylor,285 Ala. 612, 235 So.2d 647 (1975).
Notwithstanding the fact of notice to appellant, the issue is whether the evidence overwhelmingly supports his contention that the debt evidenced by the vendor's lien was in fact paid even though not marked satisfied on the records of the probate office.
As a general rule the burden of proof is on the vendee to show payment of the vendor's lien or that there has been an intentional waiver thereof. Lindsey v. Thornton, 234 Ala. 109,173 So. 500 (1937). This Court has stated that "the fact that a written obligation providing for the payment of money is in the possession of the obligee and uncancelled, raises a rebuttable presumption that the debt evidenced thereby has not been paid. . . ." McCary v. Crumpton, 267 Ala. 484, 103 So.2d 714 (1958). The same principles apply to the purchaser from the original vendee where the obligation is publicly recorded rather than in the possession of the obligee.
Here the judge heard the evidence without a jury. The direct evidence supports appellant's claim of payment, but we cannot say that the trial judge's finding that the debt had not been paid is plainly and palpably wrong.
The appellant additionally submits that the trial court erred in not applying the doctrine of laches or stale demand to prevent the enforcement of the vendor's lien. A review of the record shows that had this claim been presented to the trial court, appellant may have had a substantial issue upon which to argue for a reversal; however, appellant did not assert the defense of laches in the trial court; consequently, we cannot review any on this ground. A question of law which was not presented to nor passed upon by the trial court cannot be raised on appeal. Haigler v. Goldsmith, 168 Ala. 669,52 So. 736 (1910).
Appellee, in brief, answers appellant's argument on the laches issue. This argument is of no consequence because this Court will not review the trial court on issues not presented to that court even *Page 263 
though asserted by agreement of the parties on appeal. SeeStatham v. Statham, 282 Ala. 322, 211 So.2d 456 (1968).
We must apply the two rules of review we have stated herein; therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.