Gary L. Breen appeals from a summary judgment in favor of Baldwin County Federal Savings Bank ("the Bank"), in this action by the Bank to recover on a promissory note. We affirm.
The Bank's complaint reads, in pertinent part, as follows:
 "1. Defendant Gary L. Breen executed a mortgage note to Baldwin County Savings and Loan Association (now Baldwin County Federal Savings Bank) for Loan No. IL 24112973, on June 17, 1985, secured by a mortgage on Real Property recorded in Real Property Book 217, at page 1304.
 "2. The loan became in default for failure to pay the installment payments due thereon and the plaintiff foreclosed the real estate mortgage securing the loan. At the foreclosure sale held March 7, 1989, the plaintiff made the highest and best bid for the property offered for sale at the foreclosure sale, collectively amounting to ONE HUNDRED FORTY-EIGHT THOUSAND FIVE HUNDRED ($148,500.00) DOLLARS.
 "3. After applying all credits due the defendant on the foreclosure sale, there remains a deficiency in the amount of TWENTY THOUSAND ONE HUNDRED SEVENTY-THREE AND 26/100 ($20,173.26) DOLLARS plus interest accruing thereafter, attorney's fees, costs and expenses.
 "WHEREFORE, Plaintiff demands judgment against said defendant in the sum of TWENTY THOUSAND ONE HUNDRED SEVENTY-THREE AND 26/100 ($20,173.26) DOLLARS, interest, costs, attorney's fees and expenses."
The complaint was served on Breen, along with the following request for admission of facts:
 "Please answer the following requests for admissions of fact propounded pursuant to Rule 36(a) of the Alabama Rules of Civil Procedure, to-wit:
 "1. The factual allegations of the complaint are true and correct.
 "2. The defendant executed and delivered to the plaintiff the note and mortgage referred to in the complaint.
 "3. The note referred to in the complaint was in default as alleged in the complaint.
 "4. The mortgage referred to in the complaint was duly and properly foreclosed.
 "5. The defendant has no defense to the complaint and consents to a judgment as alleged in the complaint."
Breen filed the following answer to the complaint:
 "Comes now, GARY L. BREEN, Defendant in the above styled cause and for Answer to the Complaint heretofore filed and to each and every Count thereof, separately and severally says as follows:
 "1. That the Defendant denies the material allegations of the Complaint and demands strict proof thereof."
Breen did not respond to the Bank's request for admission of facts.
 The Bank moved for a summary judgment and submitted the affidavits of Larry Bauer, an assistant vice-president of the Bank, and Samuel W. Crosby, a practicing attorney in Baldwin County. Bauer's affidavit reads, in pertinent part, as follows:
 "1. My name is Larry Bauer. I am an Assistant Vice President with Baldwin County Federal Savings Bank. I am the custodian of the records of the plaintiff and have personal knowledge of the matters and figures stated herein.
 "2. The balance due from defendant Gary L. Breen (as referred to in the plaintiff's complaint in the case of Baldwin County Federal Savings Bank v. Gary L. Breen, Baldwin County Circuit *Page 1331 
Court Case Number CV-89-327) on the books and records of the plaintiff as of this date, including principal, interest and expenses, after allowing for all credit is as follows:
"Deficiency Amount: $20,173.26
"Attorney's fees/costs: 670.00
 "Interest to 8/14/89: 1,181.13 __________ "Total Deficiency Due: $22,024.39 ===========
 "Interest on defendant's account accrues at $7.38 per day for loan number IL 24112973.
 "3. I have read everything contained in this affidavit and everything contained herein is true and correct to the best of my knowledge and belief."
Crosby stated in his affidavit that, in his opinion, a 15% attorney fee was reasonable for the collection of the balance allegedly due on the note. Breen responded to the Bank's motion by filing two affidavits and an amended answer. In his amended answer, Breen alleged that the foreclosure sale had been conducted in a commercially unreasonable manner, and he stated in his affidavits that, in his opinion, the Bank had not paid a commercially reasonable price for the property that was the subject of the foreclosure sale. The trial court entered a summary judgment for the Bank in the amount of $26,117.56; this appeal followed.
We note at this point that the summary judgment was proper in this case if there was no genuine issue of material fact and the Bank was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on the Bank to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Breen to present sufficient evidence to defeat that prima facie showing and thereby to avoid the entry of a judgment against him.Hanners v. Balfour Guthrie, 564 So.2d 412 (Ala. 1990). We further note that all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the Bank. Hanners v. Balfour Guthrie, Inc. Because the Bank's complaint was filed on May 12, 1989, the applicable standard of review is the "substantial evidence rule." Ala. Code 1975, § 12-21-12.
Breen contends that the summary judgment was improper because, he says, a genuine issue of material fact exists as to whether the foreclosure sale was conducted in a commercially reasonable manner. The Bank points out that Breen failed to respond to its request for admission of facts, as required by Rule 36, A.R.Civ.P., and, it argues, therefore, that the matters enumerated in that request (i.e., generally, that the factual allegations of the complaint were true and correct) were deemed admitted. This, the Bank argues, along with the affidavits of Bauer and Crosby, prima facie showed hat it was entitled to a judgment as a matter of law. The Bank also argues that Breen's affidavits submitted in opposition to its motion were insufficient to create a triable issue of fact. We agree.
Although Breen filed an answer denying every material allegation of the complaint, he did not respond to the Bank's request for admission of facts. The record indicates that the trial court considered the matters enumerated in the request to be admitted. Breen never argued to the trial court, and he does not argue on appeal, that the matters enumerated in the request for admission of facts should not have been considered to be admitted under Rule 36. Therefore, we consider those matters to have been admitted by Breen.
Breen argues that his affidavits were sufficient to create a genuine issue of fact as to the commercial reasonableness of the foreclosure sale. As previously noted, the Bank had the burden of showing that it was entitled to recover from Breen the amount that it had alleged was due. The record shows that the Bank made a prima facie showing that it was entitled to a judgment as a matter of law; therefore, the burden shifted to Breen to present evidence tending to show that a triable issue of fact existed. Breen submitted two affidavits in which he stated that, in his opinion, the Bank had paid a commercially unreasonable price for the property that was *Page 1332 
the subject of the foreclosure sale. The first affidavit reads, in pertinent part, as follows:
 "I maintain the action for the deficiency balance is wrongful and unconscionable in view of the facts and circumstances relating to the actual value of the property foreclosed upon and what the bank bid it in for.
 "The original loan from the bank was to finance the purchase of 19 lots or parcels of real property located in Gulf Shores, Alabama, a well recognized resort and recreational area located at the Southern end of Baldwin County, bordering on the Gulf of Mexico.
 "The lots were purchased as an investment and the bank understood and agreed to release individual lots from the mortgage lien at a value of $25,000.00 per lot, as purchasers were obtained.
 "Five (5) lots were sold and were released by the bank at $25,000.00 each.
 "After a slack period, an additional three (3) lots were sold and released from the mortgage lien for $21,000.00 per lot which was paid to the bank.
 "The bank was in the process of being taken over by FSLIC and had severe financial problems. The new bank management refused to release additional lots from the mortgage for less than $21,000.00 per lot which was unrealistic and reflects a total value for the property of $231,000.00.
 "The bank subsequently foreclosed and bid in the remaining nine (9) lots itself for $148,500.00 which reflects a value of $13,500.00 per lot in spite of demanding $21,000.00 or a total of $231,000.00 from Defendant.
 "The actions of the Plaintiff were so willful and without regard to Plaintiff's equity in the real property as to be unconscionable.
 "That Defendant would assert the issues of unconscionability and commercial unreasonableness of the sale are such as to warrant a trial of this matter and Plaintiff's Motion should be denied."
The second affidavit, in pertinent part, states:
 "I am making this affidavit to establish my opinion of the value of the property which was foreclosed upon by the Baldwin County Federal Savings Bank and was the collateral on the mortgage and promissory note which form the basis of this suit.
 "I purchased 19 lots in Gulf Shores, Alabama. Three (3) lots sold for over $25,000.00 and five (5) more sold for over $21,000.00.
 "There were 11 lots remaining, which the bank foreclosed upon. Several of these lots were zoned for duplex residences and were more valuable because of this.
 "I have bought and sold land in Alabama where I lived for 7 years. I was active in the real estate business in Mobile and Baldwin County and have participated in numerous sales of real property as buyer, seller, agent or investor and consider myself qualified to give an opinion on land values based upon my experience.
 "It is my opinion that all 11 of the lots taken by the bank were worth in excess of $25,000.00 each. The bank only bid in an average of $13,500.00 each for the lots.
 "I am attaching hereto tax bills for 3 of the 11 lots I received from the Tax Collector of Baldwin County, Alabama. These 3 lots alone were assessed at over $7,000.00 each. I understand that the normal assessed value is at approximately 20% of the fair market value. These figures would indicate a fair market value of $35,000.00-$36,000.00 per lot as recognized by Baldwin County. This is considerably less [sic] than the approximate $13,500.00 each that the bank bid the lots in for. Using just the 3 lots I have an assessment on, these 3 lots would have a combined value of $105,000.00-$108,000.00. If I deduct this amount from the bank's bid of $148,000.00 this means the bank considers the remaining lots to have an average value of $5,000.00 each, but required $21,000.00 to release them from the mortgage. *Page 1333 
 "I feel that based upon the actual and fair market value of the property that the actions of the bank in bidding in said property for such a low value is unconsicionable."
After carefully reviewing Breen's affidavits, we conclude that they were sufficient to prove only that at one time some of the lots in question had had a fair market value of approximately $25,000; that, thereafter, the fair market value of the lots began to drop as the result of a slump in the real estate market; and that the Bank purchased the lots at the foreclosure sale for less than Breen thought it should. The affidavits do not provide sufficient information concerning the relative sizes of the lots and their locations or the circumstances surrounding the purchase of the lots by the Bank to support a reasonable inference that the amount paid by the Bank was less than fair market value. Furthermore, even if a reasonable inference could be drawn from the affidavits that the amount paid by the Bank for the lots was less than their fair market value, we could not conclude that the amount paid was so inadequate as to raise a presumption of fraud, unfairness, or culpable mismanagement. See Hayden v. Smith,216 Ala. 428, 430-31, 113 So. 293 (1927), where this Court stated:
 "The general rule is that, 'where the price realized at the [foreclosure] sale is so inadequate as to shock the conscience, it may itself raise a presumption of fraud, trickery, unfairness, or culpable mismanagement, and therefore be sufficient ground for setting the sale aside.' 27 Cyc. 1508.
 "And, although mere inadequacy of price is not sufficient to that end, it is 'always a circumstance to be considered in connection with other grounds of objection to the sale, and will be sufficient to justify setting the sale aside, when coupled with any other circumstances showing unfairness, misconduct, fraud, or even stupid management, resulting in the sacrifice of the property.' 27 Cyc. 1508; Holdsworth v. Shannon, 113 Mo. 508, 21 S.W. 85, 35 Am.St.Rep. 719, where the subject is discussed quite fully, with a review of many pertinent cases; 2 Jones on Mortgages (6th Ed.) 1670."
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ADAMS and STEAGALL, JJ., concur.
ALMON, SHORES and KENNEDY, JJ., dissent.